UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDGAR ENCANACION-LAFONTAINE,

                        Petitioner,

        -against-

WARDEN, et al.,

                        Respondents.

24-CV-3846 (JSR)

TRANSFER ORDER

JED S. RAKOFF, United States District Judge:

      Petitioner Edgar Encarnacion-Lafontaine, who is currently residing in a Residential Reentry Center in Bronx, New York,[1] brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. Following a jury trial in 2014, Encarnacion-Lafontaine was convicted of conspiracy to distribute marijuana, conspiracy to distribute cocaine, conspiracy to commit extortion, extortion, and conspiracy to commit witness tampering, and was sentenced to 180 months' imprisonment and five years of supervised release. *See United States v. Encarnacion-Lafontaine*, No. 13-CR-0030 (JSR), ECF 187 (S.D.N.Y. April 9, 2015), *aff'd,*. 639 F. App'x. 710 (2d Cir. 2016). For the reasons set forth below, the Court transfers this action to the United States Court of Appeals for the Second Circuit.

      Encarnacion-Lafontaine brings this petition under § 2241, challenging the validity of his custody on the basis that that his arrest and detention prior to his conviction was unlawful. Because he is effectively challenging the validity of his conviction and sentence rather than its execution, the proper vehicle for this petition is 28 U.S.C. § 2255. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's

---

[1] Petitioner is currently in the custody of the Federal Bureau of Prisons' Residential Reentry Office in New York, New York.

challenge to his conviction and sentence."). Court records show that Encarnacion-Lafontaine has filed a previous motion for relief under § 2255 challenging the same conviction. *See Encarnacion-Lafontaine v. United States*, No. 20-CV-1170 (JSR) (SLC) (S.D.N.Y. Nov. 20, 2023).

An application is second or successive when a prior motion was adjudicated on the merits. *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). A court may recharacterize an application as a second or successive § 2255 motion without providing the movant an opportunity to withdraw the application. *Jiminian*, 245 F.3d at 148. Because Encarnacion-Lafontaine has already filed a § 2255 motion that was decided on the merits, this application is recharacterized as a second or successive § 2255 motion.

Before a second or successive § 2255 motion is filed in the district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A). Encarnacion-Lafontaine must therefore move in the United States Court of Appeals for the Second Circuit for permission to pursue this application.[2]

## CONCLUSION

The Court recharacterizes this petition under 28 U.S.C. § 2241 as a second or successive motion under 28 U.S.C. § 2255.

In the interest of justice, the Court transfers this § 2255 motion to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; *see also Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996) (*per curiam*). This order closes this case in this court. If the

---

[2] A movant must demonstrate that a motion to the Court of Appeals is based on newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court. *See* 28 U.S.C. § 2255(h).

2

Court of Appeals authorizes Encarnacion-Lafontaine to proceed in this matter, he shall move to reopen this case under this civil docket number.

As the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: 7-9-24
New York, New York

_____
JED S. RAKOFF
United States District Judge